IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## BOBBY L. INGRAM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 04CR214    James E. Beckner, Judge**

_____

**No. E2004-02095-CCA-R3-PC - Filed March 8, 2005**

_____

The petitioner, Bobby L. Ingram, appeals the Greene County Criminal Court's summary dismissal of his petition for post-conviction relief. Because the criminal court correctly ruled that the statute of limitation barred the petition, that court's order is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Bobby L. Ingram, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On August 2, 2004, the petitioner filed a petition for post-conviction relief challenging his guilty-pleaded 2002 convictions of facilitation of aggravated child abuse and sale or delivery of a Schedule II controlled substance. In his petition and in his appellate brief, the petitioner claims that the trial court's imposition of an effective 12-year sentence in Range III violated his right to a jury determination of the factual bases for his sentences, *see Blakely v. Washington*, — U.S.—, 124 S. Ct. 2531 (2004), and that his trial counsel's ineffective assistance resulted in the defendant's submission of an unknowing guilty plea. The trial court dismissed the petition as being time barred.

Now on appeal, the petitioner claims that the trial court erred in summarily dismissing the petition for post-conviction relief. We disagree and affirm the post-conviction court's order.

Tennessee Code Annotated section 40-30-102(a) promulgates the statute of limitation for a petitioner for post-conviction relief:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

Tenn. Code Ann. § 40-30-102(a) (2003).

The trial court imposed the challenged convictions on February 1, 2002. The defendant took no appeal. The post-conviction statute of limitation expired on February 1, 2003. The post-conviction petition was filed on August 2, 2004, approximately one and one-half years after the cause of action expired. To be sure, Code section 40-30-102(b) sets forth some exceptions to the bar of the statute of limitation, but none of them apply in the present case. The petition is time barred, and the post-conviction court was correct to rule accordingly.

The order of the criminal court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE